In re **MANDALAY SHORES COOPERATIVE HOUSING ASSOCIATION INC., Debtor.**

**Bankruptcy Nos. 85 B 14953, 85 C 10586.**

United States District Court, N.D. Illinois, E.D.

Feb. 18, 1986.

See also, Bkrtcy., 60 B.R. 22.

Gregory K. Stern, Chicago, Ill., for debtor.

Susan Pierson DeWitt, U.S. trustee, Dean C. Harvalis, Asst. U.S. trustee, Chicago, Ill., for U.S. trustee.

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of the debtor, Mandalay Shores Cooperative Housing Association (MSCHA), to withdraw the reference of its Chapter 11 proceeding from the bankrupt-

cy court. For the following reasons, the motion will be denied.

MSCHA is a non-profit corporation organized to form a cooperative venture among the residents of an apartment complex in Clearwater Beach, Florida. MSCHA collected over $1 million from the residents, many of whom were elderly and retired. MSCHA was to use the money to acquire the complex from the Department of Housing and Urban Development (HUD), permitting the residents to control their living costs.

MSCHA's efforts to acquire the complex were in vain. MSCHA sued HUD without success in two separate lawsuits in federal court. Concurrently, some of the residents sued MSCHA for a return of their investments. MSCHA then filed a voluntary Chapter 11 petition in Tampa, Florida in April 1981. Over four years later, the bankruptcy judge dismissed the Chapter 11 proceeding because of the debtor's failure to propose a suitable plan.

After entry of the order dismissing the Florida proceeding and while a motion to reconsider was pending, MSCHA filed a voluntary Chapter 11 proceeding in this district. On December 19, 1985, Bankruptcy Judge Eisen dismissed the case with prejudice, finding that it was not filed in good faith as required by 11 U.S.C. § 1112(b). MSCHA then filed the motion for withdrawal of reference currently before this court.

District courts have exclusive jurisdiction over all bankruptcy cases and nonexclusive jurisdiction over civil matters arising in or related to bankruptcy cases. 28 U.S.C. § 1334. This jurisdiction is largely delegable, however, and the Northern District of Illinois has by general order referred all such cases to the bankruptcy court. The district court cannot, however, delegate its jurisdiction over disputes involving questions of both bankruptcy law and federal laws regulating either organizations or activities affecting interstate commerce. 28 U.S.C. § 157(d); R. Ginsberg, Bankruptcy ¶ 1124 (1985). The district court is directed to recall such disputes "on timely motion of a party." 28 U.S.C. § 157(d).

MSCHA contends that its Chapter 11 proceeding must be withdrawn because the Internal Revenue Code, the Employee Retirement Income Security Act, and the Securities and Exchange Act will have a material impact on the outcome of the litigation. MSCHA's motion is a poorly disguised attempt to avoid the effect of two orders of dismissal and must be denied for several reasons.

First, the motion was not filed in a timely fashion. Although the Bankruptcy Code does not specify when a motion to withdraw reference must be filed, common sense dictates that it must precede dismissal of the bankruptcy proceedings.

Second, MSCHA raises numerous alleged procedural defects, such as improper notice and failure to comply with local rules pertaining to pro hac vice appearances. These alleged mistakes do not constitute grounds for withdrawal of reference.

Third, the court is not persuaded that withdrawal of this case is mandated by the Bankruptcy Code. This case consists of little more than a sum of money and the determination of claims of various parties to receive their pro rata share. Although federal tax and securities laws may be tangentially related to these determinations, resolution of these issues does not require consideration of both bankruptcy laws and other federal laws regulating organizations affecting interstate commerce. Therefore, MSCHA's motion to withdraw reference of this case from the bankruptcy court is denied.